PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY J. DEGIROLAMO, | ) | |
| | ) | CASE NO. 5:13CV00866 |
| Appellant, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MCINTOSH OIL, CO., | ) | |
| | ) | |
| Appellee. | ) | **ORDER** [Resolving ECF No. 5] |

Before the Court is Appellant Anthony J. DeGirolamo's ("Trustee") motion for leave to appeal from the decision of the bankruptcy court. ECF No. 5. Appellee McIntosh Oil, Co. ("McIntosh"), filed an opposition. ECF No. 6. Trustee did not file a reply. The Court has considered the briefs, the exhibits, and the governing law. For the reasons provided, the Court denies the motion for leave.

### I. Factual and Procedural History

The factual and procedural history of the bankruptcy proceedings is adequately summarized in the decision of the bankruptcy court:

> This matter arises in the Chapter 7 bankruptcy of Laurel Valley Oil Co. ("Debtor"). The chapter 7 trustee, Anthony J. DeGirolamo . . . filed an amended complaint on July 10, 2012 seeking to avoid and recover fraudulent and preferential transfers. Prior to the filing of the bankruptcy petition, Debtor was in the business of buying and selling petroleum products, including diesel fuel. Due to cash shortages, Debtor began selling diesel fuel to certain customers on a prepaid basis at an amount significantly less than the market price for which it purchased the fuel.
>
> [McIntosh] . . . was one of Debtor's pre-pay customers. [Trustee] alleges that [McIntosh] purchased fuel from Debtor on a prepaid basis on a price of $11,379,731.19 while the market price for such fuel was $15,050,917.68. Further, [Trustee] alleges that Debtor suffered a loss of $3,671,186.50 while McIntosh

(5:13CV00866)

>received a benefit of the same amount resulting from the pre-paid contracts. McIntosh admits to entering into pre-paid contracts with Debtor and paying approximately $11,919,000.00 to Debtor under those contracts, but denies any resulting loss to Debtor or gain to itself as a result of the pre-paid contracts.
>
>[Trustee's] complaint alleges seven (7) counts: Count I Fraudulent transfer under 11 U.S.C. § 548(a)(1)(A); Count II Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(B); Count III Fraudulent Transfer under 11 U.S.C. § 544(b) and O.R.C. § 1336.04(A)(1); Count IV Fraudulent Transfer under 11 U.S.C. § 544(b) and O.R.C. § 1336.04(A)(2); Count V Fraudulent Transfers under 11 U.S.C. § 544(b) and O.R.C. § 1336.04(A); Count VI Preferential Transfer under 11 U.S.C. § 544(b) and O.R.C. § 1313.56; and Count VII Preferential Transfer under 11 U.S.C. § 547(b).
>
>On November 2, 2012, McIntosh filed a motion for partial summary judgment seeking . . . partial summary judgment on Count I and summary judgment on Counts II through VII. [Trustee] filed a brief in opposition to the motion on December 10, 2012 and McIntosh filed a reply on December 20, 2012.
>
>McIntosh's motion is premised upon a forward contract safe harbor defense pursuant to 11 U.S.C. § 546(e) with respect to all Counts.  With respect to Count I, McIntosh recognizes it also must prove that it received transfers in good faith, which [Trustee] disputes.  Accordingly, McIntosh seeks only partial summary judgment for Count I and seeks to prove its good faith at further proceedings.

ECF No. 1-3 at 2.

The bankruptcy court found the forward contract safe harbor defense[1] to be a complete bar to Counts II through VII.  Therefore, the bankruptcy court granted summary judgment in

---

[1] The forward contract safe harbor defense is set forth in 11 U.S.C. § 546(e). Section 546(e) provides in relevant part: "[T]he trustee may not avoid a transfer that is a . . . settlement payment, as defined in section 101 or 741 of this title, made by or to (or for the benefit of) a . . . forward contract merchant . . . or that is a transfer made by or to (or for the benefit of) a . . . forward contract merchant . . . in connection with a . . . forward contract, that is made before the commencement of the case . . . ."  The bankruptcy court found that the safe harbor applied because: (1) the contracts at issue between Debtor and McIntosh were forward contracts; (2) McIntosh was a forward contract merchant; and (3) the deliveries of diesel fuel by Debtor to McIntosh constituted settlement payments.  ECF No. 1-3.

(5:13CV00866)

favor of McIntosh with respect to Counts II through VII. The bankruptcy court also determined that its ruling with respect to the forward contract safe harbor defense partially resolved Count I. Accordingly, the bankruptcy court granted partial summary judgment to McIntosh with respect to Count I. The issue of whether McIntosh received the transfers in good faith, which must be resolved in order to completely adjudicate Count I, remains outstanding.

Trustee then filed a motion for leave to file an interlocutory appeal from the bankruptcy court's decision which is now ripe for the Court's adjudication. *See* ECF Nos. 5 and 6.

### III. Legal Standard

28 U.S.C. § 158(a)(3) states that federal district courts shall have jurisdiction to hear appeals, with leave of the court, from "other interlocutory orders and decrees." This statute does not set forth the standard by which to decide when leave to appeal an interlocutory appeal should be granted. To fill this void, courts rely on the language of 28 U.S.C. § 1292(b), which defines the scope of appellate jurisdiction over interlocutory appeals from the district courts. *In re Wicheff*, 215 B.R. 839, 844 (6th Cir. B.A.P. 1998). According to § 1292(b), an appellant seeking review of an interlocutory order must show each of the following: (1) the order involved involves a controlling issue of law; (2) there are substantial grounds for differences of opinion respecting the correctness of the bankruptcy court's decision; and (3) an immediate appeal would materially advance the ultimate termination of the litigation. *Id.* (*quoting Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993)).

Review under § 1292(b) "should be granted sparingly and then only in exceptional cases." *In re Wicheff*, at 844. To do otherwise would contravene the well-established judicial

(5:13CV00866)

policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation. *Id.* The appellant has the burden of proving to the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978). Doubts regarding appealability should be resolved in favor of finding that the interlocutory order is not appealable. *United States v. Stone*, 53 F.3d 141, 143-44 (6th Cir. 1995).

### III. Discussion

McIntosh concedes the first prong of the test–the bankruptcy court's decision involves controlling issues of law. ECF No. 6 at 4. The second and third prongs are in contention: (2) whether there are substantial grounds for differences of opinion respecting the correctness of the bankruptcy court's decision, and (3) whether an interlocutory appeal will advance the ultimate termination of the litigation. *Both* prongs must be satisfied in order for the interlocutory appeal to be permitted.

The Court has examined the bankruptcy court's conclusion that the safe harbor defense applied. In reaching this conclusion, the bankruptcy court determined: (1) the contracts at issue between Debtor and McIntosh were forward contracts; (2) McIntosh was a forward contract merchant; and (3) the deliveries of diesel fuel by Debtor to McIntosh constituted settlement payments. ECF No. 1-3. Based on the governing law cited in McIntosh's brief; *see* ECF No. 6 at 6-11; and the *absence* of governing law cited in Trustee's brief; *see* ECF No. 5 at 8-11; the Court

(5:13CV00866)

concludes that Trustee has not satisfied his burden to show that there are substantial grounds for differences of opinion respecting the correctness of the bankruptcy court's decision.

Even if Trustee had satisfied the substantial grounds requirement, permitting an interlocutory appeal will delay rather than materially advance the ultimate termination of the litigation. Counts II through VII have already been adjudicated by the bankruptcy court. The only remaining count, Count I, has been partially adjudicated. The adversary proceeding has been largely resolved. Morever, the remaining outstanding issue–whether McIntosh received the transfers from Debtor in good faith–is a narrow factual issue that is limited in nature.

This remaining issue–the question of McIntosh's good faith is unrelated to the issues Trustee wishes to appeal. Therefore, a remand to the bankruptcy court to resolve the good faith issue will occur *regardless* of whether the appeal sought by Trustee is successful on the merits. Thus, it is preferable to permit the complete adjudication of Count I sooner rather than later. Imminent adjudication may minimize the risk of the loss of relevant evidence, including the degradation of witnesses' memories. This will also yield the parties a single opportunity to appeal all potential issues to this Court, thereby preserving a more coherent record on appeal and avoiding a piecemeal approach. To contravene well-established judicial policy, and permit piecemeal litigation, would likely result in more than one appeal, would create a more disjointed appellate record, and would most certainly take a longer time. Therefore, the undersigned finds the adjudication of Count I now, as opposed to later, better advances the ultimate termination of the litigation.

(5:13CV00866)

## IV. Conclusion

Based on the foregoing, the Court denies Trustee's motion for leave to appeal. The matter is closed.

IT IS SO ORDERED.

| | |
|---|---|
| December 27, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |